```
IRELL & MANELLA LLP
Morgan Chu (70446)
Richard M. Birnholz (151543)
Andrei Iancu (184973)
Richard G. Frenkel (204133)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:   (310) 203-7199

Attorneys for Plaintiff
IMMERSION CORPORATION
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IMMERSION CORPORATION, | Case No. C04-4040 CW (WDB) |
| Plaintiff, | **[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS EXCHANGED IN DISCOVERY [SUBMITTED BY IMMERSION CORPORATION]** |
| vs. | |
| ELECTRO SOURCE, LLC, | |
| Defendant. | Date: June 22, 2005<br>Time: 2:30<br>Ctrm: 4, Third Floor |
| AND RELATED COUNTERCLAIMS | Honorable Wayne D. Brazil |

Plaintiff, Immersion Corporation, and Defendant, Electro Source, LLC, assert that they may possess confidential information in the form of trade secrets or other confidential business, personal and/or technical information related to the subject matter of this litigation. The parties recognize that it may be necessary to disclose certain of the asserted confidential information during the course of this litigation. As a result, the parties desire limiting disclosure and preventing use of such information for purposes other than the prosecution and defense of this action. In addition, the parties contemplate that non-parties may produce confidential information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the following Protective Order (hereinafter, "Order").

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1302837.1

- 1 -

PROTECTIVE ORDER
Case No. C-04-04040 CW

1. **DEFINITIONS**

    (a) *Designated Material*: The term "Designated Material" shall mean any Discovery Material designated by a Producing Party as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, which comprises or contains information that the Producing Party claims in good faith to constitute or relate to trade secrets under applicable law; and confidential and proprietary information, such as, without limitation, research and development information (including, for example, market and demographic research, and product and advertising development), commercial information (including, for example, business plans, business strategies, negotiations, and license agreements), financial information (including, for example, budgeting, accounting, sales figures and advertising expenditures), business relationship information (including, for example, information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents), personnel information (including, for example, compensation, evaluations and other employment information), and patent prosecution information (including, for example, present or future patent applications).

    (b) *Discovery Material*: The term "Discovery Material" shall mean any document (as defined below), material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process, including, for example, exhibits, answers to interrogatories; responses to requests for admissions; responses to requests for production; subpoenas; declarations; affidavits; and deposition testimony or transcripts; and all copies, extracts, summaries, compilations, designations, and portions thereof.

    (c) *Document*: The term "Document" shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things which come within the meaning of writing contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1302837.1 - 2 - PROTECTIVE ORDER
Case No. C-04-04040 CW

(d) *Producing Party*: The term "Producing Party" shall mean any party to this action or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery for this action.

(e) *Receiving Party*: The term "Receiving Party" shall mean any party to this action, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material.

2. **CATEGORIES OF DESIGNATED MATERIAL**

(a) *Types.* Any Producing Party may mark Designated Material as: (i) "CONFIDENTIAL INFORMATION"; or (ii) "ATTORNEYS' EYES ONLY INFORMATION," if the Producing Party claims in good faith that the Designated Material is of such an extremely sensitive nature that the disclosure of such Designated Material to a Receiving Party would result in competitive or other business injury to it. The parties agree to not use the designation "ATTORNEYS' EYES ONLY INFORMATION" for purposes of harassing the Receiving Party or for purposes of unnecessarily restricting the Receiving Party's access to information concerning the lawsuit.

(b) *Scope.* The scope of this Order shall be understood to encompass not only Designated Material which is expressly designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, but also any information copied therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information.

(c) *Additional Categories.* The parties may agree to add additional categories of Designated Material (in addition to CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY INFORMATION) from time to time as necessary. If the parties cannot resolve the issue of whether this Order should be amended to include the proposed new category of Designated Material, the dispute may be submitted to the Court by motion or otherwise. Disclosure of the Discovery Material, however, shall still be made, but with the highest level of confidentiality available under this Order, pending resolution of the objection by the parties or the Court, as the case may be.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1302837.1 - 3 - PROTECTIVE ORDER
Case No. C-04-04040 CW

3. **PROCEDURE FOR MARKING DESIGNATED MATERIAL**

Marking Designated Material as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall be made by the Producing Party in the following manner:

(a) In the case of documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing;

(b) In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "ATTORNEYS' EYES ONLY INFORMATION." Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" the copies of such documents as may contain confidential information at the time the copies are produced to the Receiving Party; and

(c) In the case of deposition testimony, transcripts or portions thereof, designation shall be made by the Producing Party either (i) on the record during the deposition, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" by the reporter, as the Producing Party may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after the reporter sends written notice to the deponent or the deponent's counsel that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Producing Party or deponent. Pending expiration of the ten (10) business days, all parties and, if applicable, any third party witnesses or attorneys, shall treat the deposition transcript as if it had been designated "ATTORNEYS' EYES ONLY INFORMATION." No person shall attend the designated portions of such depositions unless such person is an authorized recipient of Designated Material under the terms of this Order.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1302837.1 - 4 - PROTECTIVE ORDER
Case No. C-04-04040 CW

(d)     In the event that a third party produces documents that contain the confidential information of a party, but the third party does not designate the documents as confidential pursuant to this Protective Order, then a party may within ten (10) business days designate such documents as "ATTORNEYS' EYES ONLY INFORMATION" or "CONFIDENTIAL INFORMATION" pursuant to Paragraph 3(a) above.

4.  **CONTESTING THE DESIGNATION**

(a)     No party to this action shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.

(b)     Any party may contest a claim of confidentiality. Any party objecting to the designation of any Discovery Material as Designated Material, such as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, must give outside counsel of record for the Producing Party written notice of its reasons for the objection. Failing resolution after service of the written notice of its reasons for the objection, the party objecting may, on a duly noticed motion, seek an order changing or removing the designation. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality, i.e., the Producing Party, but information designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall be deemed as such until the matter is resolved.

5.  **RESTRICTION ON DISCLOSURE AND USE**

(a)     *Confidentiality.* Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1302837.1     - 5 -     PROTECTIVE ORDER
Case No. C-04-04040 CW

(b) *Maintenance of Designated Material.* Designated Material shall be maintained by the Receiving Party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

(c) A Producing Party is free to do whatever it desires with its own Designated Material.

6. **ACCESS TO DESIGNATED MATERIAL**

(a) *Access- "ATTORNEYS' EYES ONLY INFORMATION."* Designated Material marked "ATTORNEYS' EYES ONLY INFORMATION" shall be available only to the following persons subject to the terms of paragraph 7:

(i) Outside counsel of record to any party in connection with this action, and the outside counsel's partners, associates and employees;

(ii) Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending or qualified court reporters;

(iii) Approved consultants or experts, excluding employees, officers or directors of a named party, retained by any of the parties or their counsel to consult or testify in the case;

(iv) Authors or drafters; addressees; and those who received the documents or information prior to the commencement of this action, or during this action, only if obtained independent and outside of this action and not in violation of this Order;

(v) Third party contractors and their employees involved in document management or copying services for this litigation;

(vi) Graphics or design services retained by counsel for a party for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in this action;

(vii) Jury or trial consulting services retained by a party in this action;

(viii) Persons who have been retained by a party to provide translation or interpretation from one language to another; and

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1302837.1

- 6 -

PROTECTIVE ORDER
Case No. C-04-04040 CW

    (ix) Mock jurors retained by a party in this action, excluding individuals who are officers, directors, or employees of a named party, or owners of more than a two-percent interest in a named party;

    (x) For each party to this litigation, which includes Immersion Corporation and Electro Source, LLC, one in-house attorney.

  (b) *Access- "CONFIDENTIAL INFORMATION."* Designated Material marked "CONFIDENTIAL INFORMATION" shall be available only to:

    (i) Those persons who may have access to materials designated "ATTORNEYS' EYES ONLY INFORMATION" subject to the terms of paragraph 7; and

    (ii) For each party to this litigation, which includes Immersion Corporation and Electro Source, LLC, three employees subject to the terms of paragraph 7. With respect to this subparagraph, the term "employee" shall include current directors, officers and/or employees of the Receiving Party.

## 7. CONDITIONS ON ACCESS TO DESIGNATED MATERIAL

  (a) *Consultants and Experts.* Prior to a Receiving Party giving, showing, disclosing, making available or communicating Designated Material to any expert or consultant under paragraph 6(a)(iii), the party shall:

    (i) Serve a notice on the Producing Party, identifying the expert or consultant and the expert's or consultant's business address, business telephone numbers, present employer and position (along with a job description), consulting activities and job history for the past three years, and past or present relationship, if any, with the Receiving Party. Furthermore, if available or reasonably obtainable, the most recent curriculum vitae or resume of the expert or consultant shall be provided under this section. If the most recent curriculum vitae or resume of the expert or consultant provides the information required under this paragraph, then the information need not be separately provided.

    (ii) State in such notice the specific Designated Material proposed to be disclosed. In the absence of such specific designation, the notice will be construed as referring to all of the Designated Material of the Producing Party subject to this Order. In the event a specific

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1302837.1     - 7 -     PROTECTIVE ORDER
Case No. C-04-04040 CW

designation is made, only so much of the Producing Party's Designated Material as is specifically designated shall be disclosed to the intended recipient, unless and until such time as a further notice is given to the Producing Party in the manner set forth in this paragraph, specifying any additional Designated Material to be disclosed.

(iii) Include with such notice, a copy of the Acknowledgment of Protective Order, in the form shown in Exhibit A, which is attached hereto, signed by the expert or consultant and including all the information to be completed therein.

(iv) The Producing Party shall be entitled to object to such disclosure to the expert or consultant within five (5) business days after receipt of the Acknowledgment of Protective Order by stating specifically in writing the reasons why such expert or consultant should not receive the Designated Material.

(v) The parties shall meet and confer within five (5) business days after the Producing Party serves its objection, for the purpose of attempting to resolve the objection.

(vi) If the objection is not resolved by the parties, the Producing Party must file and serve a motion to prevent disclosure within ten calendar (10) days after such meet and confer, otherwise, the Producing Party shall be deemed to have withdrawn its objection.

(vii) In any motion before the Court, the Producing Party shall bear the burden of showing the need for confidentiality and the grounds for its objection. No disclosure of Designated Material shall be made to the proposed expert or consultant until the parties resolve the matter, the objection is withdrawn, or the Court permits such disclosure.

(viii) The filing and pendency of objections shall not limit, delay, or defer any disclosures of Designated Material to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.

(b) *Authorization and Acknowledgment.* Each person hereof (excluding Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending or qualified court reporters) to whom Designated Material is to be given, shown, disclosed, made available or communicated in any way, shall first execute an Acknowledgment of

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1302837.1 - 8 - PROTECTIVE ORDER
Case No. C-04-04040 CW

Protective Order in the form shown in Exhibit A, agreeing to be bound by the terms of this Order, acknowledging that Designated Material is subject to this Order, that the person is authorized under paragraphs 6(a)-(b) to receive Designated Material marked as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, that the person has read this Order, that such person agrees to comply with, and be bound by, this Order, and that such person is aware that contempt sanctions may be entered for violation of this Order.  Counsel to whom Designated Material is produced shall keep in his or her files an original of each such executed Acknowledgment of Protective Order until sixty (60) calendar days after the final termination of this action.  Upon final termination of this action and at the written request of the Producing Party, all such executed agreements shall be provided to outside counsel for the Producing Party.

8. **PROCEDURES FOR FILING PAPERS WITH DESIGNATED MATERIAL**

Designated Material may be included with, or referred to in, papers filed with the Court where this case is now pending or in any other court only in accordance with the following procedures:

(a) The Designated Material must be filed under seal in sealed envelopes endorsed with the title of this action, an indication of the contents of the envelope, the identity of the filing party and the notation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER - NOT TO BE DISCLOSED EXCEPT BY COURT ORDER OR WRITTEN STIPULATION OF THE PARTIES."

(b) All papers filed with the Court, including but not limited to pleadings and memoranda of law, which include all or any portion of information set forth in Designated Material must be filed under seal in accordance with the terms and procedures set forth in this Order, including the procedures for filing materials set forth above in paragraph 8(a).  Counsel for the party filing papers with Designated Material shall be responsible for designating all papers filed with the Court as Designated Material and marked as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION depending on the contents of the papers being filed.  Such papers shall be subject to the terms of this Order.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1302837.1 - 9 - PROTECTIVE ORDER
Case No. C-04-04040 CW

9. **REDACTED FILINGS OF PAPERS WITH DESIGNATED MATERIAL**

Redacted versions of papers with Designated Material filed under seal may be filed with the Court in accordance with normal procedures and made publicly available provided that:

(a) All Designated Material set forth in the papers is deleted or obscured and all Designated Material is removed as exhibits; and

(b) Redacted versions of the papers are clearly marked "Public Version Confidential Material Omitted." Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

10. **PROCEDURE FOR DISCLOSURES TO OTHER PERSONS**

If it becomes necessary for a Receiving Party's outside counsel to seek the assistance of any person, other than those persons referred to in paragraph 6, and to disclose Designated Material to such person to properly prepare this litigation for trial, the following procedures shall be employed:

(a) Outside counsel of the Receiving Party shall notify, in writing, outside counsel for the Producing Party, stating therein the specific Designated Material to be disclosed and the name, address and position of the person(s) to whom such disclosure is to be made;

(b) If no objection to such disclosure is made by outside counsel for the Producing Party within ten (10) business days of such notification, outside counsel for the Receiving Party shall be free to make such disclosure to the designated person(s); provided, however, that outside counsel for the Receiving Party shall serve upon outside counsel for the Producing Party, prior to disclosure, an Acknowledgment of Protective Order in the form shown in Exhibit A, whereby such person agrees to comply with and be bound by this Order. The acknowledgment shall be retained by outside counsel for the Receiving Party, and distributed upon final disposition of this action as set forth in Paragraph 15 below.

(c) If, within ten (10) business days, the outside counsel for the Producing Party objects, in writing, to such disclosure, no disclosure shall be made, except by order of the Court upon a regularly noticed motion brought by the Receiving Party. Before filing such a motion,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1302837.1

PROTECTIVE ORDER
Case No. C-04-04040 CW

1 outside counsel for the Receiving Party shall meet and confer with outside counsel for the
2 Producing Party in a good faith effort to resolve their differences.

3   (d)  Any party moving for such an order requesting disclosure shall explain why the
4 requested disclosure is appropriate, but the Producing Party shall bear the burden of justifying the
5 confidentiality designation and explaining the harm that would result from the requested
6 disclosure.

7 11. **UNINTENTIONAL FAILURE TO DESIGNATE**

8   If, through inadvertence, a Producing Party provides any Designated Material pursuant to
9 this litigation without designating and marking the Designated Material as CONFIDENTIAL
10 INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, the Producing Party may
11 subsequently inform the Receiving Party of the confidential nature of the disclosed Designated
12 Material, and the Receiving Party shall treat the disclosed Designated Material as
13 CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION upon
14 receipt of written notice from the Producing Party, to the extent the Receiving Party has not
15 disclosed this Designated Material. Disclosure of such Designated Material to persons not
16 authorized to receive that material prior to receipt of the confidentiality designation shall not be
17 deemed a violation of this Order. However, in the event the material has been distributed in a
18 manner inconsistent with the categorical designation, the Receiving Party will take the steps
19 necessary to conform distribution to the categorical designation, i.e., by retrieving all copies of the
20 Designated Material, or notes or extracts thereof, in the possession of the persons not authorized
21 under this Order to possess such Designated Material and advising the person to whom disclosure
22 was made that the material is confidential and should be treated as provided in the Order.

23 12. **UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION**

24   Counsel shall exert their best efforts to identify documents or material protected by the
25 attorney-client privilege or the work-product doctrine prior to the disclosure of any such
26 documents or material. If, however, a party unintentionally discloses documents or material that is
27 privileged or otherwise immune from discovery, the party shall, within five (5) business days
28 upon discovery of the disclosure, so advise the Receiving Party in writing, request the documents

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1302837.1    - 11 -    PROTECTIVE ORDER
Case No. C-04-04040 CW

or material be returned, and attach a privilege log with an entry pertaining to the documents or material that is privileged or otherwise immune from discovery. If that request is made and the privilege log provided, no party to this action shall thereafter assert that the disclosure waived any privilege or immunity. It is further agreed that the Receiving Party will return or destroy the inadvertently produced documents or material, and all copies and derivations, within five (5) business days of the Receiving Party's receipt of a written request for the return of the documents or material. The cost, if any, for excising such documents or materials by the Receiving Party shall be borne by the Producing Party. The Receiving Party having returned the inadvertently produced documents or material may thereafter seek production of the documents or material in accordance with the Federal Rules of Civil Procedure. To the extent that any such inadvertently produced material has been used, included, referenced or summarized in a pleading, deposition or other proceeding, nothing in this paragraph shall require a Receiving Party to purge, redact or excise any such information that has been used in good faith before a request for the return of the unintentionally produced material.

13. **INFORMATION NOT COVERED BY THIS ORDER**

The restrictions set forth in this Order shall not apply to information which is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, or which lawfully comes into the possession of or becomes known to the Receiving Party or lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party which would be in violation of this order.

14. **RESPONSIBILITY OF ATTORNEYS**

Outside counsel of record shall be responsible for providing a copy of this Order to all persons entitled access to Designated Material under paragraph 6 and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials so designated. No person shall duplicate any Designated Material except, as contemplated by this Order, for use as exhibits at depositions, in connection with court filings or, as necessary, by counsel, experts or

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1302837.1 - 12 - PROTECTIVE ORDER
Case No. C-04-04040 CW

consultants approved under paragraphs 6 and 7 for use as working copies. All copies, extracts and translations must be appropriately marked and are subject to paragraph 15 of this Order.

15. **FINAL DISPOSITION**

Upon termination, settlement or final judgment of this litigation including exhaustion of all appeals, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within sixty (60) calendar days. However, retained counsel may retain pleadings, attorney and consultant work product, and depositions for archival purposes. If Designated Material is destroyed pursuant to this paragraph, outside counsel for the Receiving Party shall provide to outside counsel for the Producing Party a certification identifying when and how the destruction was performed. The provisions of this Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of this action.

16. **DISCLOSURE OF DESIGNATED MATERIAL AT TRIAL OR PRE-TRIAL HEARINGS**

This Order governs only discovery. At trial or on appeal, the parties will redesignate or redact confidential designations as deemed appropriate.

17. **REFERENCE TO THIS ORDER AT TRIAL**

No reference may be made at the trial in this action in the presence of a jury to the existence of this Order or to the effect that certain material is subject to this Order.

18. **NO LIMITATION OF OTHER RIGHTS**

This Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

19. **RELEASE FROM OR MODIFICATION OF THIS ORDER**

This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work-product information. This Order does not preclude all of the parties to this Order from entering into any stipulation (in writing or

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1302837.1 - 13 - PROTECTIVE ORDER
Case No. C-04-04040 CW

on the record) constituting a modification of this Order. On any motion seeking disclosures beyond those authorized by this Order, the burden will be on the Receiving Party to justify the disclosure.

20. **DISCOVERY FROM THIRD PARTIES**

If discovery is sought of a person not a party to this action ("third party") requiring disclosure of such third party's Designated Material, the Designated Material disclosed by any such third party will be accorded the same protection as the parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the parties' Designated Material pursuant to this Order.

21. **ADMISSIBILITY**

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this mater. The marking of Designated Material as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION pursuant to this Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of Designated Material marked as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION.

22. **NON-PARTY REQUEST/SUBPOENA OF DESIGNATED MATERIAL**

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of a Producing Party's Designated Material, that Receiving Party shall give written notice to outside counsel of record for the Producing Party within ten (10) business days after receipt of the subpoena or other compulsory process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party. In the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1302837.1 - 14 - PROTECTIVE ORDER
Case No. C-04-04040 CW

event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Order.

23. **UNINTENTIONAL DISCLOSURE OF DESIGNATED MATERIAL**

If Designated Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Designated Material, and to bind such person to the terms of this Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the Acknowledgment of Protective Order in the form shown in Exhibit A.

24. **COUNSEL'S RIGHT TO PROVIDE ADVICE**

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any Designated Material, nor the source of any Designated Material, to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

25. **NO CONTRACT**

To the extent that the parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

26. **EFFECTIVE DATE**

This Order shall be effective on the date of its execution, provided that all material previously produced shall be deemed ATTORNEYS' EYES ONLY INFORMATION unless and until they are redesignated by the Producing Party or by further order of the Court.

27. **TERMINATION**

The termination of this action shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1302837.1 - 15 - PROTECTIVE ORDER
Case No. C-04-04040 CW

Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

IT IS SO ORDERED.

Dated: June 22, 2005

/s/ Wayne D. Brazil
The Honorable Wayne D. Brazil
United States Magistrate Judge

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1302837.1

- 16 -

PROTECTIVE ORDER
Case No. C-04-04040 CW

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>ELECTRO SOURCE, LLC,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. C04-4040 CW<br><br>**ACKNOWLEDGMENT OF PROTECTIVE ORDER** |

I, _____, state that:

I have read and reviewed in its entirety the annexed Protective Order ("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this _____ day of _____, 200_.

_____
(Signature)

_____
(Typed or Printed Name)

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1302837.1

- 18 -

PROTECTIVE ORDER
Case No. C-04-04040 CW